**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Cory Odell Derrick,

       Plaintiff,

v.

Jacob DeFrancesco,

       Defendants.

_____/

Case No. 24-cv-12179
Honorable Jonathan J.C. Grey

Magistrate Judge
Elizabeth A. Stafford

## ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 27) AND GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 19)

## I.    INTRODUCTION

On August 20, 2024, pro se Plaintiff Cory Odell Derrick commenced this lawsuit against Defendant Officer Jacob DeFrancesco, alleging civil rights violations under 42 U.S.C. § 1983. (ECF No. 1.) On September 4, 2025, the Court partially dismissed the case pursuant to 28 U.S.C. § 1915. (ECF No. 14.) On November 14, 2025, DeFrancesco filed a motion to dismiss the remaining claim (ECF No. 19), which alleges that DeFrancesco failed to promptly bring Derrick before a magistrate for a

probable cause conference. (ECF No. 14, PageID.56–58; ECF No. 1, PageID.5, 7.)

This matter comes before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation dated April 29, 2026 (the "R&R"). (ECF No. 27.) In the R&R, Judge Stafford recommended that the Court grant DeFrancesco's motion to dismiss based on the applicable statute of limitations. (*Id.*) Derrick filed 33 objections to the R&R, to which DeFrancesco responded. For the reasons set forth below, the Court **OVERRULES** Derrick's objections, **ADOPTS** Judge Stafford's R&R in its entirety, including the findings of fact and conclusions of law, and **GRANTS** DeFrancesco's motion to dismiss.

## II.    LEGAL STANDARD

### A.    De Novo Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects to the R&R, Rule 72(b)(3) requires "[t]he district judge [to] determine de novo any part of the magistrate judge's disposition that has been properly objected to." However, "[p]arties cannot 'raise at the district court stage new

arguments or issues that were not presented' *before* the magistrate judge's final R&R." *Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (emphasis in original) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–679 (quotation marks and citation omitted). The complaint is facially

plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### III.  ANALYSIS

#### A.  Objection # 1

Read liberally, Derrick's first objection seemingly attempts to challenge the statute of limitation's accrual date set forth in the R&R. Specifically, Derrick submits that he: (1) "was not charged on April 5, 2020," but instead, "April 5, 2020 [was] the day the allegations [were] made[,]" (2) was "imprisoned on April 9, 2020[,]" and (3) "arraigned on April 13 2020, which is beyond the 72 hours stipulated in the Constitution." (ECF No. 28, PageID.128.) Notably, Derrick does *not* dispute that the initial probable cause determination was made on April 21, 2020. (*Id.*, PageID.130.) He further asserts that two preliminary examinations were held and that a probable cause determination was not made at the second preliminary examination, violating his constitutional rights. (*Id.*, PageID.129.)

"Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations." *Hardin v.*

4

*Straub*, 490 U.S. 536, 539 (1989) (cleaned up). The "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citations omitted); Mich. Comp. Laws § 600.5805(2). Federal law governs the accrual date for the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387–388 (2007).

Sixth Circuit "caselaw is clear about when false-arrest and false-imprisonment claims accrue: they accrue at the earliest of two dates—either 'when the false imprisonment ends with the plaintiff's release ... [o]r, if the plaintiff remains detained, ... when the false imprisonment ends with the issuance of legal process.'" *Tulis v. Orange*, No. 23-5804, 2024 WL 4117021, at *2 (6th Cir. Aug. 19, 2024) (quoting *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021)). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389 (citation omitted) (emphasis in original).

As DeFrancesco correctly submits, Derrick's objection does not undermine the R&R's analysis. Neither the clarification of dates nor the existence of a second preliminary examination alters the date that Derrick's claim of false imprisonment accrued.[1] Judge Stafford properly found that "Derrick's claim accrued when the probable cause conference was held on April 21, 2020."[2] (ECF No. 27, PageID.125.) He filed his complaint more than three years later, on August 20, 2024. Derrick filed his complaint too late. Accordingly, the objection is **OVERRULED**.[3]

### B.    Objection #2

Derrick's second objection asserts that, "[i]f the Court is going to consider any public records, it must consider the record in its entirety, meaning not just what the defendants' lawyers provide, but the facts, such as the second preliminary exam by law and constitution should've

---

[1] Further, Derrick failed to raise any of these additional dates and arguments before Judge Stafford and has therefore waived them. *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 756 (E.D. Mich. 2013).

[2] Even if the accrual date began on the date of his arraignment, which Derrick submits was on April 13, 2020, the analysis remains the same—the claim would still be time-barred.

[3] The Court notes that the first objection also raises allegations of missing DNA evidence, a subsequent remand hearing, and a delay in trial. None of these arguments were raised before Judge Stafford, accordingly they are waived. *Uduko*, 975 F. Supp. 2d at 756. Even if not waived, these assertions amount to general and conclusory objections and are thus not entitled to de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

had another probable cause conference." (ECF No. 28, PageID.129.) Beyond referring to the second preliminary examination, which the Court addressed in resolving the first objection, Derrick does not identify any additional facts that Judge Stafford failed to analyze. Further, Judge Stafford did consider the public record, including "the court docket for Derrick's prosecution and the MDOC's offender tracking information system records[.]" (ECF No. 27, PageID.124.) Accordingly, the second objection is **OVERRULED**.

### C.    Objection # 3

Derrick's third objection consists of a single sentence, arguing that he previously "made several motions to this Court for the appointment of counsel because [his] current imprisonment hinders him from obtaining records by F.O.I.A. to assist [his] claim." (ECF No. 28, PageID.129.) This objection is unresponsive to the R&R's findings, as it has no bearing on Judge Stafford's statute of limitations analysis. It is **OVERRULED**.

### D.    Objections #4, #6, and #33

Derrick's fourth, sixth, and thirty-third objections seemingly raise equitable tolling arguments. For instance, his fourth objection concedes that while, "Derrick's claim would be untimely, [ ] COVID-19 sanctions

7

in prison and outside of prison delayed [his] suit." (*Id.*) It then questions how "the state statute of limitations [could] work against [him], but during his pretrial and trial proceedings none of the state statute of limitations applied due to COVID-19." (*Id.*) His sixth objection questions how his "claim [is] untimely [considering] all the restraints and sanction[s] from COVID-19 [did] not laps[e] until 2023." (*Id.*, PageID.130.) And his thirty-third objection asserts that "COVID-19 declared a national emergency which extended the excludable time in criminal matters. With the flooding in Midland and COVID-19 happening at the same time made it impossible to meet the statute of limitations." (ECF No. 30, PageID.190.)

DeFrancesco's primary argument for dismissal has *always been* that Derrick's claim is untimely. (*See* ECF No. 19, PageID.71.) Yet, Derrick raises, or at least hints at, tolling for the first time in his objections to the R&R. Nowhere in his response to DeFrancesco's motion to dismiss does Derrick argue that equitable tolling should apply. (*See* ECF No. 22.) Consequently, the issue was never presented to Judge Stafford for consideration.

"The Sixth Circuit holds that issues raised for the first time in objections to an R & R are deemed waived." *Uduko*, 975 F. Supp. 2d at 756. "'[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.,* permits *de novo* review by the district court if timely objections are filed, ... it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].'" *Id.* (quoting *Murr,* 200 F.3d at 902 n.1). Derrick's failure to raise any sort of equitable tolling argument prior to this objection means he waived the argument. *See Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 959 (6th Cir. 2018); *Ballatore v. Comm'r of Soc. Sec.*, No. 11-CV-15335, 2014 WL 2765269, at *9 (E.D. Mich. June 18, 2014); *Soldan v. Robinson,* No. 19-CV-11334, 2022 WL 988309, at *3 (E.D. Mich. Mar. 31, 2022); *Colston v. Bos. Mkt. Corp.*, No. 17-11649, 2018 WL 1397862, at *3 (E.D. Mich. Mar. 19, 2018) (collecting cases). Accordingly, objections #4, #6, and #33 are **OVERRULED**.

### E.    Objection #5

Derrick's fifth objection raises two arguments. He first disputes this Court's borrowing of Michigan's statute of limitations period. The Supreme Court and the Sixth Circuit have made clear that federal courts

9

borrow the forum state's personal injury limitations period for § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Wolfe*, 412 F.3d at 714 (citations omitted) (The "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims.") The forum state is Michigan. The objection, on this basis, is **OVRERULED**.

The second argument concedes that the "claim would have accrued when the first probable cause conference[ ] was held on April 21, 2020," but he argues that the probable cause determination "expired when the DNA evidence collected on April 5, 2020 disappeared for sixth months." (ECF No. 28, PageID.130.) Derrick asserts that a remand hearing was held without him present, violating the Constitution, and that "the Court and its officers failed to hold a second probable cause conference[.]" (*Id.*) He concludes that he "must have a probable cause conference, but the court and it's officers in a hast[e] to obtain a tainted conviction did not allow Derrick to be present [ ] at the remand hearing again denying him of his constitutional right to be there during that critical stage." (*Id.*)

Once again, Derrick raises new arguments and claims in this objection that were never presented to Judge Stafford. His complaint

makes no mention of any of the above assertions, nor does his response to DeFrancesco's motion to dismiss.[4] (*See* ECF Nos. 1, 22.) Further, Derrick never moved to amend his complaint, and "[a]n objection to the Magistrate Judge's Report and Recommendation is not the proper vehicle to amend the complaint." *Williams v. Mossing*, No. 12-CV-10462, 2013 WL 1278504, at *2 (E.D. Mich. Mar. 26, 2013) (citing E.D. Mich. L.R. 15.1); *Rogan v. Tomlinson*, No. 19-12975, 2021 WL 1105293, at *4 (E.D. Mich. Mar. 23, 2021) ("[The plaintiff] may not seek leave to amend in an objection to a report and recommendation."); *Akers v. Gregory Funding*, No. 21-00693, 2022 WL 2713546, at *4 (M.D. Tenn. July 12, 2022) ("An objection to an R&R is not a proper avenue to bring a Rule 15 motion for leave to file an amended complaint.").

---

[4] The complaint asserts false imprisonment based upon DeFrancesco's failure to promptly bring Derrick before a magistrate for a probable cause determination, resulting in an "unreasonable delay." (*See* ECF No. 1, PageID.7.) It does *not* assert facts related to a failure to (1) hold a "second probable cause conference," or (2) be present during a remand hearing.  Further, to the extent that Derrick re-attempts to challenge the validity of his resulting state conviction in this § 1983 action, the Court already dismissed this argument under *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 14.) Finally, even if the Court were to calculate the claim's accrual date as beginning in December 2020, when the preliminary examination was held, the claim would remain time-barred.

11

Accordingly, these arguments and issues have been waived, and the objection, on this basis, is **OVERRULED**. *See Uduko,* 975 F. Supp. at 756.

### F.    Objections #7–32

Pursuant to Federal Rule of Civil Procedure 72(b)(2), a party may file "specific written objections to the proposed findings and recommendations" of a magistrate judge. Such an objection "must: (A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1). As Judge Stafford explained in her R&R: "Each objection must be labeled as 'Objection No. 1,' 'Objection No. 2,' etc. and **must specify** precisely the provision of this report and recommendation to which it pertains." (ECF No. 27, PageID.126 (emphasis in original).)

The Court must review de novo the portions of a R&R to which proper objections have been filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "Only those objections that are specific are entitled to a *de novo* review." *Lee v. Money Gram Corp. Off.,* No. 15-CV-13474, 2017 WL 4161108, at *1 (E.D. Mich. Sept. 20, 2017) (citing *Mira,* 806 F.2d at 637). "However, the district court need not provide *de novo* review where the

12

objections are [f]rivolous, conclusive or general. The parties have the duty to pinpoint those portions of the magistrate [judge]'s report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks and citations omitted). "[A] general objection to the entirety of a magistrate [judge]'s report, without specifying a single issue of contention," is not a proper objection. *Howard v. Sec. of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Even read liberally, objections #7–32 fail to specify any part of the R&R to which Derrick objects and instead raise claims that are wholly irrelevant to the R&R's statute of limitations analysis. (*See* ECF No. 28, PageID.131–134.). "[Derrick's] response therefore does not constitute a proper objection as defined by the Federal Rules of Civil Procedure, this Court's local rules, or relevant precedent. The Court need not review *de novo* any part of the magistrate judge's disposition." *Brown v. Snyder*, No. 19-CV-11325, 2022 WL 2440343, at *1 (E.D. Mich. July 5, 2022) Having reviewed this matter, the Court agrees with Judge Stafford's analysis and recommendation. *Id.* Accordingly, objections #7–32 are **OVERRULED**.

13

## III.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the R&R dated April 29, 2026 (ECF No. 27) is **ADOPTED**.

**IT IS FURTHER ORDERED** that DeFrancesco's motion to dismiss (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Derrick's cause of action is **DISMISSED**.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

DATED: July 20, 2026

14

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2026.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager

15